UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

**RENE DURAN PINEDA ET AL**           **CASE NO. 2:21-CV-03643**

**VERSUS**                            **JUDGE JAMES D. CAIN, JR.**

**IRVING RODRIGUEZ ET AL**            **MAGISTRATE JUDGE KAY**

## MEMORANDUM RULING

Before the court is a Motion to Dismiss [doc. 11] filed by defendant Erie Insurance Exchange, seeking dismissal of this suit for lack of subject matter jurisdiction. The motion is regarded as unopposed.

## I.
### BACKGROUND

This suit arises from a motor vehicle accident that occurred on Interstate 10 in Jefferson Davis Parish, on or about November 27, 2020. Plaintiffs Rene Duran Pineda and Destiny Soto are residents of Texas, and have filed suit in this court against defendant driver Irving Rodriguez and his insurer, Erie Insurance Exchange ("Erie"). Doc. 1. They have not stated a basis for the court's jurisdiction, but raise only state law claims while alleging that Rodriguez and Erie are citizens of Maryland. *Id.*

Erie now brings this motion to dismiss, asserting that there is no diversity jurisdiction because it is deemed a citizen of every state where it has policyholders. Doc. 11. Plaintiffs have filed no opposition to the motion and their time for doing so has passed. Accordingly, the motion is regarded as unopposed.

## II.
## LAW & APPLICATION

Federal courts are courts of limited jurisdiction, possessing "only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A party may challenge the court's subject matter jurisdiction over a case through a motion to dismiss filed under Federal Rule of Civil Procedure 12(b)(1). The burden rests with the party asserting jurisdiction—in this case, the plaintiffs. *Ballew v. Cont'l Airlines, Inc.*, 668 F.3d 777, 781 (5th Cir. 2012). Lack of subject matter jurisdiction may be found based on any of the following: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. *King v. U.S. Dep't of Veterans Affairs*, 728 F.3d 410, 413 (5th Cir. 2013).

Relevant to this suit, federal courts have original jurisdiction over all suits between citizens of different states where the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. 28 U.S.C. § 1332. They also have original jurisdiction over civil actions "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Plaintiffs have alleged, and Erie does not dispute, that they are citizens of Texas and defendant driver is a citizen of Maryland. As Erie points out, however, it is a subscriber-owned reciprocal insurance exchange rather than a corporation and is recognized as a citizen of every state in which any policyholder resides. *E.g.*, *Erie Ins. Exch. v. Greenwich Ins. Co.*, 2016 WL 1404162 (E.D. Pa. Apr. 11, 2016); *Erie Ins.*

*Exch. v. Midea Am. Corp.*, 2016 WL 6948288 (M.D. Pa. Nov. 22, 2016); *Erie Ins. Exch. v. Research Prods. Corp.*, 2016 WL 1238811 (W.D. Pa. Mar. 30, 2016). Erie also shows through affidavit attached to its motion that it currently has policyholders living in the state of Texas. Doc. 11, att. 2. Accordingly, both Erie and plaintiffs are citizens of Texas and the court lacks diversity jurisdiction over this suit under 28 U.S.C. § 1332. Given that the suit involves only state law tort claims, the court also finds now basis for federal question jurisdiction under 28 U.S.C. § 1331. The motion must therefore be granted.

### III.
#### CONCLUSION

For the reasons stated above, the Motion to Dismiss [doc. 11] will be **GRANTED** and the claims in this matter will be **DISMISSED WITHOUT PREJUDICE**.

**THUS DONE AND SIGNED** in Chambers on this 7th day of March, 2022.

**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**